IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER PETHTEL

  Plaintiff,

v.                                                  Case No. 25-CV-01648-SPM

VETERANS ROOFING PLLC,

  Defendant.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before this Court are two motions: a Motion for Leave to File Second Amended Complaint filed by Plaintiff Peter Pethtel (Doc. 26) and a Motion to Compel filed by Defendant Veterans Roofing PLLC (Doc. 27). Having been fully informed of the issues presented, Plaintiff Pethtel's Motion is **DENIED** and Defendant Veterans Roofing's Motion is also **DENIED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The instant suit arises from alleged age discrimination. Plaintiff Peter Pethtel, a fifty-four-year-old man, alleges that he was terminated from his role as a general laborer and on-site support worker with Defendant Veterans Roofing on July 18, 2025 because of his age. (Doc. 1, ¶¶ 11–18). He filed the instant suit on August 25, 2025 alleging discrimination, harassment, and retaliation in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* (*See id.*, ¶¶ 19–45). Defendant filed a Motion to Dismiss on September 19, 2025 (Docs. 14, 15). Plaintiff filed a Motion for Leave to File First Amended Complaint on October 3,

2025 (Doc. 16); this Court granted the Motion for Leave to File and denied Defendant's Motion to Dismiss as moot on October 6, 2025. (Doc. 17). The operative First Amended Complaint was filed on the same day. (Doc. 18).

This Court entered a Scheduling Order on October 24, 2025. (Doc. 23). Plaintiff Pethtel filed the instant Motion for Leave to File Second Amended Complaint on February 20, 2026 (Doc. 26); Defendant responded in opposition on March 2, 2026 (Doc. 28) and Plaintiff filed a Reply on March 16, 2026[1] (Doc. 30). Defendant's Motion to Compel was filed on February 24, 2026 (Doc. 27) and Plaintiff's Response was filed on March 10, 2026 (Doc. 29).

## APPLICABLE LAW AND LEGAL STANDARDS

Federal Rule of Civil Procedure 15 governs the amendment of pleadings and provides that courts "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Nonetheless, "[a] district court may deny leave to file an amended complaint in the case of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'" *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citation modified) (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). "Ultimately, the decision to grant or deny a motion to file and amended pleading is a matter purely within the sound

---

[1] Plaintiff's Reply (Doc. 30) was untimely filed in accordance with Local Rule 7.1(b)(2)(B), which requires replies to be filed no later than seven (7) days after the filing of a response in opposition to a pending motion.

discretion of the district court." *McDaniel v. Loyola Univ. Med. Ctr.,* 317 F.R.D. 72, 76 (N.D. Ill. 2016) (citing *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008)).

Delay alone may not prove sufficient grounds to warrant denial of leave to amend a complaint; "rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (citation modified) (citing *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 927 (7th Cir. 1999)). Nonetheless, the longer the delay, the greater presumption against granting leave to amend. *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 77 (N.D. Ill. 2016) (citing *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)). Undue delay is most likely to result in undue prejudice when a combination of factors, including delay in proceedings without explanation, no change in the facts since filing of the original complaint, and new theories that require additional discovery, occur together. *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 77 (N.D. Ill. 2016) (citing *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 347 (N.D. Ind. 2010)). It is the party seeking to amend that "has the burden of showing that undue prejudice will not result to the non-moving party." *Id.* (citing *King*, 26 F.3d at 724). "If the moving party fails to provide any explanation for not filing its amendment sooner or if the explanation it provides is inadequate, that will weigh towards denying leave to amend." *J.P. Morgan Chase Bank, N.A.*, 265 F.R.D. at 347 (citing *Sanders, et al. v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995)).

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing FED. R. CIV. P. 26(b)(1)).

Federal Rule of Civil Procedure 37(a)(1) permits a party to "move for an order compelling disclosure or discovery" provided that the motion includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This certification is also required by Local Rule 26.1(c)(2) and the Court's Case Management Procedures. Rule 37(b) provides that failure to comply with a discovery order issued by the court is a sanctionable offense, with potential sanctions including dismissal of the action in whole or in part, default judgment, or holding a party in contempt of court. *See* FED. R. CIV. P. 37(b)(2)(A).

## ANALYSIS

### I.    Motion for Leave to File Second Amended Complaint

In his Motion (Doc. 26), Plaintiff Pethtel requests to amend his operative First Amended Complaint (Doc. 18) to add discrimination, harassment, and retaliation

claims under the Illinois Human Rights Act, 775 ILL. COMP. STAT. 5 ("IHRA"). (Doc. 26, Ex. A). He alleges that "the IDHR Notice of Opt-Out was only recently received, preventing the filing of the amendment at an earlier time." (*Id.*, p. 1).

In opposition, Defendant Veterans Roofing argues that this Court lacks subject-matter jurisdiction over Plaintiff's proposed IHRA claims due to Plaintiff's purported failure to exhaust administrative remedies. (Doc. 28, p. 1). Defendant asserts that Plaintiff first filed a charge with the EEOC and failed to provide the IHDR with the applicable Notice of the EEOC's Determination within thirty days of August 5, 2025. (*Id.*, p. 2 (citing 775 ILL. COMP. STAT. 5/7A-102(A-1)(1), (A-1)(1)(iv); *Ball v. Roeslein & Assocs., Inc.*, No. 20-CV-00045-NJR, 2020 WL 4673136, at \*14–15 (S.D. Ill. Aug. 12, 2020); *Hickman v. Bd. of Educ. of Hinsdale Twp.*, No. 1:23-CV-01102, 2023 WL 9050972, at \*9 (N.D. Ill. Dec. 29, 2023); (Doc. 26, Ex. A))). Defendant argues that various district courts, including former Chief Judge Nancy J. Rosenstengel in this district, have held that compliance with the requisite statutory time limit is a jurisdictional prerequisite. (*Id.*, p. 2 (citing *Donald v. City of Chicago*, 539 F. Supp. 3d 912, 921 (N.D. Ill. 2021); *Prusaczyk v. Hamilton Cnty. Coal, LLC*, No. 3:20-CV-73-NJR, 2020 WL 5981377 (S.D. Ill. Oct. 8, 2020); *Ball*, 2020 WL 4673136)).

In his Reply (Doc. 30), Plaintiff insists, inter alia, that "Defendant's argument improperly focuses on technical compliance with procedural requirements while ignoring the substantive purpose of those requirements." (*Id.*, p. 3). This Court notes that Plaintiff's Reply was untimely filed (*see supra* note 1) and does not cite any caselaw. (*See* Doc. 30).

First, both Illinois appellate courts and Illinois-based district courts have repeatedly held that "an administrative agency . . . can only act 'pursuant to the authority conferred on it by statute.'" *Donald*, 539 F. Supp. 3d at 921 (citing *Bumphus v. Illinois Hum. Rts. Comm'n*, 2021 IL App (5th) 200037-U, ¶ 17). These courts have held that "'compliance with [a] statutory time limit is a condition precedent to the right to seek a remedy' before an administrative body, and that it is a prerequisite to the acquisition of subject matter jurisdiction." *Bumphus*, 2021 IL App (5th) 200037-U, ¶¶ 17–18 (quoting *Weatherly v. Human Rights Comm'n*, 788 N.E.2d 1175, 1178 (Ill. App. Ct. 2003)) (citing *Pickering v. Human Rights Comm'n*, 496 N.E.2d 746, 754 (Ill. App. Ct. 1986)). Additionally, "[t]he administrative closing of a charge by the IDHR . . . is not a final order, nor does it constitute an exhaustion of administrative remedies." *Prusaczyk*, 2020 WL 5981377, at *3 (citing *Falco v. Office Elecs., Inc.*, No. 97 C 4170, 1997 WL 587660, at *2 (N.D. Ill. Sept. 17, 1997)). Put another way, "[a] plaintiff cannot file suit in federal court and then, when the IDHR closes her charge precisely because she filed suit in federal court, argue that she has exhausted all administrative remedies." *Id.*

Considering the above, it is clear that Plaintiff did not forward the EEOC's determination to the IDHR within the requisite thirty-day period required by 775 ILL. COMP. STAT. 5/7A-102. Additionally, Plaintiff's submitted Notice of EEOC Adopted Finding (Doc. 26, Ex. C) does not provide proof that he exhausted his administrative remedies. This Court concurs with Judge Rosenstengel that the failure to precisely follow the appropriate statutory scheme is an error of jurisdictional proportions.

Therefore, Plaintiff Pethtel's Motion for Leave to File Second Amended Complaint (Doc. 26) shall be denied.

## II.    Motion to Compel

In its Motion to Compel (Doc. 27), Veterans Roofing seeks to compel Plaintiff Pethtel to respond to a question asked during his Deposition. Counsel for Defendant asked Plaintiff if anyone else was present when he spoke with his attorney to prepare for his Deposition; Plaintiff answered that his wife was present. (*Id.*, p. 1 (quoting *id.*, Ex. A, 2:4–10)). When defense counsel asked what was discussed, Plaintiff's counsel directed him to not answer due to attorney-client privilege and spousal privilege. (Id., pp. 1–2 (quoting *id.*, Ex. A, 2:15–24)). Defendant argues that attorney-client privilege and spousal privilege were both invalidated because (1) Plaintiff's spouse's presence invalidated attorney-client privilege and (2) Plaintiff's counsel's presence invalidated spousal privilege. (*Id.*, p. 4).

In opposition, Plaintiff argues that Plaintiff's counsel properly asserted both privileges, the Defendant misapprehends the relevant law, and, separately, that Defendant failed to abide by this Court's Local Rules and the Case Management Procedures. (Doc. 29, pp. 1–2).

Both Local Rule 26.1(c)(3) and this Court's Case Management Procedures *require* the party filing a Rule 37 motion to certify that a good-faith effort was made to resolve the discovery issue informally prior to seeking this Court's intervention. Defendant has not made this showing. Defendant's motion is bereft of any information concerning attempts to meet and confer to resolve this issue. Because

Page 7 of 8

Defendant's Motion shall be denied for this reason alone, this Court does not reach the merits of Defendant's arguments.

**CONCLUSION**

Considering the above, Plaintiff Peter Pethtel's Motion for Leave to File Second Amended Complaint (Doc. 26) is **DENIED** and Defendant Veterans Roofing PLLC's Motion to Compel (Doc. 27) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 24, 2026**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**