IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER PETHTEL

          Plaintiff,

v.

VETERANS ROOFING PLLC,

          Defendant.

Case No. 25-CV-01648-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Now pending before this Court are two motions: a renewed Motion to Compel filed by Defendant Veterans Roofing PLLC (Doc. 32) and a renewed Motion for Leave to File Second Amended Complaint filed by Plaintiff Peter Pethtel (Doc. 33). Having been fully informed of the issues presented, Defendant Veterans Roofing's Motion is **DENIED** and Plaintiff Pethtel's Motion is **DENIED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Peter Pethtel, a fifty-four-year-old man, alleges that he was terminated from his role as a general laborer and on-site support worker with Defendant Veterans Roofing on July 18, 2025 because of his age. (Doc. 1, ¶¶ 11–18). He filed the instant age discrimination suit on August 25, 2025 alleging discrimination, harassment, and retaliation in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* (*See id.*, ¶¶ 19–45). Defendant filed a Motion to Dismiss on September 19, 2025 (Docs. 14, 15). Plaintiff filed a Motion for Leave to File First Amended Complaint on October 3, 2025 (Doc.

16); this Court granted the Motion for Leave to File and denied Defendant's Motion to Dismiss as moot on October 6, 2025. (Doc. 17). The operative First Amended Complaint was filed on the same day. (Doc. 18).

This Court entered a Scheduling Order on October 24, 2025. (Doc. 23). Plaintiff Pethtel filed his first Motion for Leave to File Second Amended Complaint on February 20, 2026 (Doc. 26); Defendant responded in opposition on March 2, 2026 (Doc. 28) and Plaintiff filed a Reply on March 16, 2026[1] (Doc. 30). Defendant's Motion to Compel was filed on February 24, 2026 (Doc. 27) and Plaintiff's Response was filed on March 10, 2026 (Doc. 29). This Court denied both Motions on March 24, 2026. (Doc. 31). Before the ink was dry on that Order, Defendant filed a renewed Motion to Compel and Plaintiff filed a renewed Motion for Leave to File Second Amended Complaint. (Docs. 32, 33). Both parties filed opposition briefs. (Docs. 34, 35).

APPLICABLE LAW AND LEGAL STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

---

[1] Plaintiff's Reply (Doc. 30) was untimely filed in accordance with Local Rule 7.1(b)(2)(B), which requires replies to be filed no later than seven (7) days after the filing of a response in opposition to a pending motion.

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing FED. R. CIV. P. 26(b)(1)).

Federal Rule of Civil Procedure 37(a)(1) permits a party to "move for an order compelling disclosure or discovery" provided that the motion includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This certification is also required by Local Rule 26.1(c)(2) and the Court's Case Management Procedures. Rule 37(b) provides that failure to comply with a discovery order issued by the court is a sanctionable offense, with potential sanctions including dismissal of the action in whole or in part, default judgment, or holding a party in contempt of court. *See* FED. R. CIV. P. 37(b)(2)(A).

Additionally, Federal Rule of Civil Procedure 15 governs the amendment of pleadings and provides that courts "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Nonetheless, "[a] district court may deny leave to file an amended complaint in the case of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'" *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citation modified) (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). "Ultimately, the decision to grant or deny a motion to file and amended pleading is a matter purely within the

sound discretion of the district court." *McDaniel v. Loyola Univ. Med. Ctr.,* 317 F.R.D. 72, 76 (N.D. Ill. 2016) (citing *Soltys v. Costello,* 520 F.3d 737, 743 (7th Cir. 2008)).

Delay alone may not prove sufficient grounds to warrant denial of leave to amend a complaint; "rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (citation modified) (citing *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 927 (7th Cir. 1999)). Nonetheless, the longer the delay, the greater presumption against granting leave to amend. *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 77 (N.D. Ill. 2016) (citing *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)). Undue delay is most likely to result in undue prejudice when a combination of factors, including delay in proceedings without explanation, no change in the facts since filing of the original complaint, and new theories that require additional discovery, occur together. *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 77 (N.D. Ill. 2016) (citing *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 347 (N.D. Ind. 2010)). It is the party seeking to amend that "has the burden of showing that undue prejudice will not result to the non-moving party." *Id.* (citing *King*, 26 F.3d at 724). "If the moving party fails to provide any explanation for not filing its amendment sooner or if the explanation it provides is inadequate, that will weigh towards denying leave to amend." *J.P. Morgan Chase Bank, N.A.*, 265 F.R.D. at 347 (citing *Sanders, et al. v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995)).

ANALYSIS

## I.   Motion to Compel (Doc. 32)

This Court dismissed Defendant Veterans Roofing's first Motion to Compel for failure to abide by the meet-and-confer requirement imposed by Local Rule 26.1(c)(3) and this Court's Case Management Procedures. (Doc. 31). Having now met this requirement, Defendant now wishes for this Court to determine whether or not Plaintiff Pethtel may be compelled to testify about his deposition preparation because his wife was present during his conversations with his attorney. (*See* Docs. 27, 32). Defendant insists that the fact that Plaintiff's wife was present during his deposition preparation with his attorney destroys both attorney-client privilege and spousal privilege; Defendant seeks this Court to compel Plaintiff to answer the following question: "What did you discuss with your attorneys when you were preparing for this deposition while your wife was present?" (Doc. 32, p. 2 (citing *id.*, Ex. A, 2:15–17)).

In opposition, Plaintiff Pethtel insists that "Defendant's Motion should be denied because the presence of Plaintiff's wife during attorney-client communications does not automatically waive privilege, particularly where the wife's presence served to facilitate the representation and assist the client in understanding and communicating with counsel." (Doc. 34, p. 1). He also argues that "Plaintiff's counsel properly asserted both attorney-client privilege and spousal privilege during Plaintiff's deposition, and Defendant incorrectly argues that the mere presence of Plaintiff's spouse during attorney-client communications automatically waives both privileges." (*Id.*, pp. 1–2). Plaintiff asserts that "[t]he certified question Defendant

seeks to compel is not limited to factual matters within Plaintiff's knowledge" and that "[t]he question demands the entire substance of deposition preparation, which would expose legal theories, anticipated defenses, strategy discussions, and counsel's mental impressions." (*Id.*, pp. 3–4).

The core of this dispute is the definition of a "client agent." Defendant insists that Plaintiff has not shown that his wife was a "client agent" and that her presence invalidates both privileges. (Doc. 32, pp. 3–4 (citing *United States v. White*, 970 F.2d 328 (7th Cir. 1992); *Jenkins v. Bartlett*, 487 F.3d 482, 490 (7th Cir. 2007); *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447,450 (N.D. Ill. 2006*); United States v. BDO Seidman, LLP*, 492 F.3d 806, 815–16 (7th Cir. 2007))). Plaintiff insists that he properly objected to the question in accordance with Rule 26(b)(5), that Plaintiff's wife's presence was necessary to facilitate his legal representation, and postulates on the chilling effect that would result from a ruling in Defendant's favor. (Doc. 34, pp. 3–8; *see also id.*, p. 4 (citing *Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532 (N.D. Ind. 2011), *United States v. Evans*, 113 F.3d 1457 (7th Cir. 1997))).

The instant fact pattern most resembles *Evans*, in which the Defendant's family friend (who happened to be a lawyer) was present during a meeting with his attorney; Evans's attorney warned him that the friend's presence may invalidate privilege, but Evans insisted. *See* 113 F.3d at 1458–59. The Seventh Circuit affirmed the district court's determination that the family friend's presence destroyed attorney-client privilege. *Id.* at 1468. Critically, the Seventh Circuit wrote that "Evans fails to appreciate the fact that the critical inquiry is whether Holden was acting in his capacity as a professional legal advisor—as opposed to his capacity as a

long-time friend who happens to be a lawyer—during his interactions with Evans." *Id.* at 1463. Plaintiff's arguments do not rise beyond Evans's; he merely insists that his spouse "lives in the same home as him and is aware of the weight of this litigation" and "is a trusted confidant and supporter of Plaintiff and a fixture of his home." (Doc. 34, p. 5). He argues (without supporting caselaw) that "[a] spouse could be considered an agent or necessary participant if their presence aids the client in effectively communicating with their attorney or understanding the legal advice provided," including "[f]or example, if the spouse assists the plaintiff in recalling facts or understanding complex legal issues, their presence would not constitute a waiver of privilege." (*Id.*, p. 6). This does not convert Plaintiff's spouse into a "client agent."

However, Plaintiff argues in the alternative that "[e]ven if the Court had questions about privilege, compelling a witness to disclose 'what did you discuss with your attorneys' in deposition preparation is a high-burden, low-yield discovery demand that invites collateral disputes and chills candid preparation." (*Id.*, p. 7). This Court agrees that compelling Plaintiff to provide the details of the sum total of his deposition preparations is not only unnecessary, but overly burdensome here. Moreover, the successive Motions on this issue have served only to delay discovery and expend valuable judicial resources. Accordingly, Defendant's Motion shall be denied.

## II.    Motion for Leave to File Second Amended Complaint (Doc. 33)

In his renewed Motion (Doc. 33), Plaintiff Pethtel now insists that he did, in fact, provide notice of the EEOC's dismissal of his case to the IDHR within the required thirty-day period. (Doc. 33, p. 1). He argues that he emailed the EEOC's

August 6, 2025 determination to the IDHR on August 7, 2025. (*Id.*, pp. 1–2 (citing *id.*, Ex. A)). Plaintiff insists that, therefore, he "has satisfied the jurisdictional prerequisite of providing notice to the Illinois Department of Human Rights within the statutory timeframe required by 775 Illinois Compiled Statutes 5/7A-102(A-1)(1)(iv)" (*id.*, p. 3) and alleges that "[t]his timely transmittal cures the precise deficiency identified by the Court's prior order, namely, the absence of proof that the EEOC determination was forwarded to the IDHR within the required timeframe and therefore satisfies the condition precedent to pursuing IHRA-based claims in this action" (*id.*, p. 4).

In opposition, Defendant Veterans Roofing argues that Plaintiff did not file a "renewed motion," but rather seeks reconsideration of this Court's denial of his previous Motion for Leave to File (Doc. 31) and now offers additional information. (*See* Doc. 35). Defendant insists that "Plaintiff did not and cannot identify any manifest error of law or fact made by the Court, nor did he present any newly discovered evidence as is required to support a Motion for Reconsideration." (*Id.*, p. 2). Defendant argues that "Plaintiff never shared the January 5, 2026, letter with the Court" and that "Plaintiff has not complied with the statutory requirements of the Illinois Human Rights Act." (*Id.*, p. 4).

In his Reply (Doc. 36), Plaintiff insists that his Motion (Doc. 33) should be analyzed under Rule 15(a)(2) and once again argues that "Defendant's argument improperly focuses on technical compliance with procedural requirements while ignoring the substantive purpose of those requirements." (Doc. 36, pp. 34).

Essentially, Plaintiffs asks this Court to consider substance, not form. However, Plaintiff's Reply brief does not cite a single case.

Therefore, This Court concurs with Defendant that Plaintiff seeks reconsideration of this Court's March 24, 2026 Order (Doc. 31) with evidence that he did not previously provide. Moreover, Defendant is also correct that Plaintiff offers neither evidence nor argument as to why he did not provide this email exchange before now.

The Seventh Circuit has expressly stated that, "[g]enerally, Rule 59(e) relief is considered extraordinary." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022). "A motion under Rule 59(e) may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)); *see also Ewing v. 1645 W. Farragut LLC*, 90 F.4th 876, 893 (7th Cir. 2024) (citing *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)).

Similarly, the Seventh Circuit has held that "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (quoting *Dickerson v. Board of Educ.*, 32 F.3d 1114 (7th Cir. 1994)); *see Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)). Rule 60(b) states that a party may seek relief from a judgment for one or more of the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud"; (4) "the judgment is void"; (5) "the judgment has been satisfied,

released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." The Seventh Circuit has held that "[r]elief under the Rule 60(b)(6) catchall 'requires extraordinary circumstances.'" *Daniels v. Hughes*, 147 F.4th 777, 786 (7th Cir. 2025) (citing *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 214 (2025)). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal via direct appeal. *See, e.g.*, *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resol. Tr. Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).

Considering Plaintiff's Motion as brought under either Rule 59(e) or Rule 60(b), he has provided zero argument on why such extraordinary relief is justified here. Furthermore, even considering it under Rule 15(a)(2), Plaintiff has provided no indication why the proffered email exchange was not provided or discussed in his first Motion (Doc. 26). Therefore, Plaintiff's Motion for Leave to Amend shall be denied.

## CONCLUSION

Considering the above, Defendant Veterans Roofing PLLC's Motion to Compel (Doc. 32) is **DENIED** and Plaintiff Peter Pethtel's Motion for Leave to File Second Amended Complaint (Doc. 33) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  May 6, 2026**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**